# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 22-CR-310 (APM) |
| | : | |
| LAURA GARVIN | : | |
| | : | |
| Defendant. | : | |

## APPEAL OF ORDER OF DETENTION

**COMES NOW** the Defendant, Laura Garvin, by and through her attorneys, Michael E. Lawlor and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., and appeals the order of detention issued on September 23, 2022. In support of this pleading, counsel state the following.

### Introduction

Ms. Garvin is a 29-year-old lifelong resident of Anne Arundel County, Maryland. She has no criminal record and has worked for the same company since she was 14 years old. The United States has charged Ms. Garvin with a single, non-violent offense. The most recent conduct the Government proffered in support of Ms. Garvin's detention allegedly occurred over six months ago. Nevertheless, the Magistrate Court found that no conditions of release could adequately assure the safety of the community and ordered Ms. Garvin detained pending trial. This result

1

runs counter to the mandates of the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, and must be reversed.

## Background

On September 15, 2022, a grand jury sitting in this District returned an indictment charging Ms. Garvin and five others with one count of conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl and a detectable amount of cocaine, in violation of 21 U.S.C. § 846.

On September 21, 2022, Ms. Garvin appeared before United States Magistrate Judge G. Michael Harvey for an initial appearance. At the initial appearance, the Government moved orally for Ms. Garvin's detention pending trial. On September 23, 2022, Ms. Garvin appeared before Magistrate Judge Harvey for a detention hearing. At the conclusion of that hearing, Magistrate Judge Harvey ordered Ms. Garvin detained on the basis of danger to the community.

## Standard of Review

"If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). "A motion under

18 U.S.C. § 3145(b) for review of a magistrate judge's detention order requires the Court promptly to examine *de novo* whether there are conditions of release that will reasonably assure the safety of any other person and the community." *United States v. Sheffield,* 799 F.Supp.2d 18, 19-20 (D.D.C.2011). "The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons." *Id.* at 20 (quoting *United States v. Hanson,* 613 F.Supp.2d 85, 88 (D.D.C.2009)). Even in a case involving a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A), "the Court must evaluate the weight of the evidence against each defendant seeking reconsideration of the detention orders and pretrial release to determine whether pretrial detention is proper." *United States v. Muschetta*, 118 F. Supp. 3d 340, 344 (D.D.C. 2015).

## ARGUMENT

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (Moss, J.) (citing *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

The Bail Reform Act of 1984 mandates that pretrial detention is permissible only where:

3

> After a hearing pursuant to the provision of 18 U.S.C. § 3142(f) the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e). "To justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person and the community.'" *United States v. Munchel*, 991 F.3d 1273, 1279–80 (D.C. Cir.), *judgment entered,* 844 F. App'x 373 (D.C. Cir. 2021) (citing 18 U.S.C. § 3142(f)).

Even in cases such as Ms. Garvin's where the Bail Reform Act creates a rebuttable presumption in favor of detention, that presumption operates merely to impose a burden of production on a defendant "to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). That burden of production, as this Court has recognized, is not heavy. *United States v. Lee*, 195 F.Supp.3d 120, 125 (D.D.C. 2016). Indeed, a defendant facing that presumption need only proffer "at least some evidence or basis to conclude that the case falls outside the congressional paradigm giving rise to the presumption." *Taylor*, 289 F. Supp. 3d at 63 (D.D.C. 2018) (internal citations omitted).

Here, Ms. Garvin has come forward with ample evidence to rebut the presumption attached to the nonviolent offense with which she is charged. Moreover, the Government has failed to proffer clear and convincing evidence of Ms. Garvin's danger to the community. The defense submits that releasing Ms. Garvin to the custody of a third-party custodian on conditions of 24/7 home detention with electronic location monitoring will adequately assure the safety of the community as this case progresses.

**The Nature and Circumstances of the Allegations and Weight of the Government's Proffer Pose No Barrier to Imposing Reasonable Conditions of Pretrial Release**

Ms. Garvin is alleged to have participated with several others in a drug trafficking conspiracy involving fentanyl and cocaine. She is not alleged to have engaged in any acts of violence or to have trafficked in firearms. The most recent proffered evidence of Ms. Garvin's alleged participation in the conspiracy dates back six months. Courts have recognized that "the weight of the evidence is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Furthermore, Congress has mandated that no provision of the Bail Reform Act "shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). These factors, therefore, do not present a barrier to pretrial release.

5

The overwhelming majority of the Government's proffer in support of Ms. Garvin's pretrial detention focuses on the acts of other members of the alleged conspiracy. The defense has reason to believe that Ms. Garvin's association with some of these individuals may have its origin in a romantic relationship and not out of a desire to engage in illegal conduct. In any event, the Government's proffer does not come close to meeting the standard of clear and convincing evidence of Ms. Garvin's danger when considered in the context of her history and characteristics and the defense's proposed conditions of release.

### Ms. Garvin's History and Characteristics Demonstrate That Her Pretrial Release Would Not Pose a Danger to the Community

Ms. Garvin is 29 years old. She was born and raised in Annapolis, Maryland and has resided in the District of Maryland her entire life. She is a 2011 high school graduate, and has maintained steady employment at Giant Food since she was 14 years old. Before her arrest in this case, Ms. Garvin worked as an assistant store manager in the Odenton, Maryland Giant Food location. As reflected in the Pretrial Services Report, Ms. Garvin has no criminal history.

Ms. Garvin resides at her father's home in Annapolis, Maryland. The home has been in the family for generations. Also living in the home is Ms. Garvin's 89-year-old grandmother.

Ms. Garvin has never had a passport and has never traveled outside of the United States.

Ms. Garvin's personal history and characteristics weigh heavily in favor of release. There is nothing in her background to suggest that she would fail to appear for court, cause harm to any member of the community, or otherwise pose any danger if released in this case.

**Strict Conditions of Pretrial Release Will Assure Ms. Garvin's Appearance and the Safety of the Community**

The defense respectfully suggests that with conditions of 24/7 home confinement with location monitoring, Ms. Garvin will be successful on pretrial release and the safety of the community will be reasonably assured. There are two candidates who are willing and able to serve as Ms. Garvin's third-party custodian: her father Edward Garvin and her Aunt Jane Marie Garvin. Both proposed third-party custodians live in Annapolis, Maryland. In addition, the defense proposes that Ms. Garvin's release be conditioned on her express agreement to remain outside of the District of Columbia except for pre-approved court visits. To the extent this Court is concerned about Ms. Garvin's communication with other members of the alleged conspiracy, a condition that Ms. Garvin have no contact with any co-defendants or potential witnesses in this case is entirely appropriate. The

Government cites no reason why these conditions would not serve to assure Ms. Garvin's appearance and the safety of the community. Nothing in Ms. Garvin's history, from her lack of criminal record to her steady employment in a management role, suggests that she would do anything to contravene the orders of this Court. The proposed conditions will amply satisfy the goals of the Bail Reform Act. Pursuant to Local Criminal Rule 47(f), Ms. Garvin respectfully requests a hearing on this motion.

## **CONCLUSION**

A 29-year-old woman with no criminal record, no allegations of violence, no allegations of firearms possession, strong community ties, abundant family support, and a history of steady employment should not be detained on a nonviolent charge supported by a proffer built largely upon the actions of others. The Bail Reform Act does not countenance such a result. This Court can and should impose conditions of release that will assure Ms. Garvin's presence in court and the safety of the community.

Respectfully submitted,

S/_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 29, 2022, a copy of the foregoing was sent via ECF to the United States Attorney's Office for the District of Columbia.

s/_____
Michael E. Lawlor